NOTE:  Pursuant to Fed. Cir. R. 47.5, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3054

ROBERT TUTE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  August 8, 2005

_____

Before MICHEL, <u>Chief Judge</u>, RADER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Robert Tute petitions for review of the decision of the Merit Systems Protection Board (Board) that dismissed as untimely filed his petition for review. <u>See</u> <u>Tute v. United States Postal Serv.</u>, 97 M.S.P.R. 347 (2004).  This court <u>affirms</u>.

BACKGROUND

The United States Postal Service indefinitely suspended Mr. Tute from his position as MPE Mechanic when criminal charges were filed against him in Oklahoma in 1995.  Mr. Tute appealed to the Board, and during the pendency of that appeal the parties concluded a settlement agreement which provided that the Postal Service would rescind the suspension and reimburse him for all

wages and benefits lost during all but the first fourteen days of the suspension. The administrative judge then dismissed the appeal. Neither party filed a petition for review of the dismissal, which became effective as a final decision of the Board on January 23, 1996.

Mr. Tute has since filed a number of petitions relating to this agreement. His second petition, involving outstanding issues of back pay and attorney fees, resulted in a second settlement agreement and was dismissed by the administrative judge in an initial decision on April 24, 1997. The dismissal became a final decision of the Board when neither party submitted a petition for review of the dismissal by the statutory date, May 29, 1997. Mr. Tute filed a third petition for enforcement on November 7, 2002. That petition was denied by the administrative judge in an initial decision on January 30, 2003, which became a final decision of the Board on March 6, 2003 because neither party had appealed by that date. Mr. Tute's final petition to the Board, the subject of the instant case, was submitted on September 2, 2003. The Board interpreted this petition as one for review of its decisions of both January 30, 2003, and April 24, 1997.

The Board dismissed Mr. Tute's 2003 petition for review as untimely filed, because as a petition for review of the April 24, 1997 initial decision it was more than six years late, and as a petition for review of the January 30, 2003 initial decision, it was six months late. The Board found that Mr. Tute had not shown cause for waiving the filing deadlines.

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1998). The Board has discretion to decide whether the time limit for a filing deadline should be waived based upon a showing of good cause, and we will not substitute our judgment for that of the Board. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir.1992) (en banc).

Mr. Tute does not deny that his petition was late, and that he has the burden of establishing to the Board that his lateness was excusable. Id. Mr. Tute asks for a waiver of the time limit because he suffered "cyclic and on-going pain" that "distracted [him] to the extent that [he] could not focus on [his] legal affairs."

When determining whether an appellant has shown good cause for an untimely filing, the Board considers the length of the delay, the reasonableness of the appellant's excuse, and any showing of due diligence, whether the appellant is proceeding pro se, whether the appellant has presented evidence of the existence of circumstances beyond his or her control that affected the appellant's ability to comply with the applicable time limit, and whether the appellant suffered some unavoidable casualty or misfortune that may have

delayed his filing. <u>Walls v. Merit Sys. Prot. Bd.</u>, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

The record evidence gives this court no reason to disturb the Board's conclusion that Mr. Tute failed to establish good cause for his delay of six months, or six years, in filing his petition for review. Beyond his own assertion, as evidence of his disability Mr. Tute submitted a doctor's report dated October 2, 2003, which described pain "related to his work injury of 1/21/97." The report shows that Mr. Tute did suffer some disability during the period between January 21, 1997 and October 2, 2003, which spans the periods for which Mr. Tute requests a waiver of the filing deadlines. However, this disability did not prevent Mr. Tute from submitting a number of petitions, although not the one considered untimely here. For example, he submitted his second petition for enforcement on February 6, 1997, and his third petition for enforcement on November 7, 2002. Mr. Tute also made various other submissions related to these and other proceedings during the interval covered by the report. There is, therefore, no evidence in the record to explain why any disability prevented Mr. Tute from timely filing the specific petition considered here, during an interval when he was capable of active participation in other legal actions.

For the foregoing reasons, the decision of the Board is affirmed.